FILED

May 10, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:28 AM



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **PATRICIA HIGGINS,** | ) | **Docket No. 2017-06-0136** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FIVE POINTS HEALTHCARE, LLC,** | ) | |
| **d.b.a. WILLOWBROOK HOME** | ) | **State File No. 65909-2016** |
| **HEALTH,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **ACCIDENT FUND INSURANCE,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

### EXPEDITED HEARING ORDER

This claim came before the Court on May 3, 2017, on the request for expedited hearing filed by Patricia Higgins. The present focus of this case is whether Ms. Higgins is entitled to a second opinion concerning her work-related injury. Five Points Health Care d.b.a. Willowbrook Home Health (Willowbrook) opposes the request, arguing Ms. Higgins already received all the medical care available to her under the Workers' Compensation Law and is not entitled to a second opinion. For the reasons set forth below, the Court holds that Ms. Higgins is unlikely to prevail at a hearing on the merits in proving her entitlement to a second opinion and denies her the requested relief.

### Claim History

This claim concerns a request for a second opinion addressing the extent of physical injury that resulted from a work-related accident. Ms. Higgins worked as a home health nurse for Willowbrook, a home health company. On August 19, 2016, she injured her left knee, left hip, lower back and ribs when she fell while leaving a patient's home. Willowbrook accepted the claim and provided authorized medical treatment.

Ms. Higgins first treated with "Dr. Herda" at a walk-in clinic. According to Ms. Higgins' testimony, Dr. Herda prescribed physical therapy. When the therapy did not work, Dr. Herda referred her for treatment with an orthopedic specialist. Neither party submitted Dr. Herda's records as an exhibit.

Willowbrook provided a panel, and Ms. Higgins selected Dr. Christopher Kauffman. According to his final medical report, Dr. Kauffman diagnosed her with a lumbar strain, released her to return to full-duty work, and assigned a 0% impairment rating. With the exception of the final medical report, neither party submitted Dr. Kauffman's medical records as an exhibit.[1]

After Dr. Kauffman released her, Ms. Higgins asked for a second opinion. Willowbrook denied her request, and she filed this claim. At the hearing, Ms. Higgins testified concerning the circumstances surrounding her injury and her course of medical treatment. She provided no proof that any physician recommended surgery for her injury.

## Findings of Fact and Conclusions of Law

The following general principles govern adjudication of this proceeding. Ms. Higgins has the burden of proving all essential elements of her workers' compensation claim but need not prove every element of her claim by a preponderance of the evidence to receive some relief at an expedited hearing. Instead, Ms. Higgins must present evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The only relief Ms. Higgins seeks through this expedited hearing is a second opinion. The Court holds she is not entitled to a second opinion.

Tennessee Code Annotated section 50-6-204(a)(3)(C) (2016) provides an option for an employee to receive a second opinion on the issue of surgery in certain circumstances: "When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor . . . practicing in the same specialty as the physician who recommended the surgery." The Appeals Board interpreted this subsection to guarantee a second opinion only when a specialist recommends surgery. *See Thomas Petty v. Convention Production Rigging, et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *20-21 (Dec. 29, 2016).

Here, Ms. Higgins presented no proof that any physician recommended surgery to treat her workplace injury. She bears the burden of proving entitlement to a second opinion and failed to carry her burden. Accordingly, the Court finds that Ms. Higgins is unlikely to prevail at a hearing on the merits and, therefore, holds she is not entitled to a second opinion.

---

[1] Exhibit 1 contains medical records from Reliant Health Services. Neither Dr. Herda nor Dr. Kauffman practices with this group. As these medical records do not bear a physician's signature and were not otherwise properly authenticated, the Court granted Willowbrook's objection and excluded the records.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Higgins' request for a second opinion is denied.

2. **This matter is set for a scheduling hearing on June 19, 2017, at 11:00 a.m. (CDT).** The Court will convene the scheduling hearing telephonically. The parties must dial (615) 741-2113 or (855) 874-0474 to participate. Failure to participate in the scheduling hearing may result in determination of issues without further input.

**ENTERED ON THIS THE 10TH DAY OF MAY, 2017.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Medical Records (For identification purposes only)
2. Affidavit of Patricia Higgins
3. Form C30A, Final Medical Report
4. Wage Statement

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Willowbrook's Prehearing Brief
5. Willowbrook's Witness and Exhibit List
6. Motion to Allow Telephonic Testimony
7. Order Granting Motion to Allow Telephonic Testimony

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 10th day of May, 2017.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Patricia Higgins | X | | X | 112 B Yorkside Court<br>Hendersonville, TN 37075<br>Papermoon53@yahoo.com |
| Gordon Aulgur | | | X | gordon.aulgur@accidentfund.com |

_____

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov